UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LESLEY CLACK

      Plaintiff,

v.

HARTFORD FIRE INSURANCE
COMPANY,

      Defendant,
_____/

Case No. 2:25-cv-1019-KCD-DNF

## ORDER

Before the Court is Defendant Hartford Fire Insurance Company's Motion to Dismiss. (Doc. 16.)[1] Plaintiff Lesley Clack did not respond, and the time to do so expired. So the Court treats the matter as unopposed. *See* Local Rule 3.01(c). For the reasons below, Hartford's motion is **GRANTED**.

### I. Background

On September 28, 2022, Hurricane Ian swept through Florida and damaged Clack's property. (Doc. 5 ¶ 4.) At the time, she held an insurance policy with Hartford under the National Flood Insurance Program. (*Id.* ¶ 5; Doc. 16-1.)

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

Following the storm, Clack submitted a claim for flood damage. Hartford reviewed the claim and, on December 6, 2022, issued a letter remitting payment and denying coverage for certain items. (Doc. 16-3.)[2] Clack did not sue for the withheld damages in 2023. Nor did she sue in 2024. Instead, she waited until October 9, 2025—nearly three years after the denial—to finally file her complaint in state court. Hartford subsequently removed the case here and now moves to dismiss. (Doc. 16.)

## II. Discussion

This case turns on a single, dispositive issue: timeliness. The National Flood Insurance Program is not a standard private insurance arrangement. It is a federal program supported by the federal treasury. *Boyd v. Standard Fire Ins. Co.*, No. 8:14-CV-2074-T-33EAJ, 2014 WL 6607009, at *2 (M.D. Fla. Nov. 19, 2014). Because every dollar paid is a direct charge on the public fisc, the law requires that we treat these policies differently than a homeowner's plan. Claimants must turn square corners when dealing with the government, strictly adhering to the conditions Congress has set for accessing federal funds. *See, e.g., Shuford v. Fid. Nat. Prop. & Cas. Ins. Co.*, 508 F.3d 1337, 1343 (11th Cir. 2007).

---

[2] Although not attached to the complaint, the Court can consider Hartford's denial letter here because it is undisputed and central to Clack's claim. *See D'Ambrosio v. Am. Bankers Ins. Co. of Fla.*, No. 2:25-CV-155-KCD-NPM, 2025 WL 2841172, at *1 (M.D. Fla. Oct. 7, 2025)

2

Congress has established a clear deadline for these disputes. Under 42 U.S.C. § 4072, a claimant must institute an action "within one year after the date of mailing of notice of disallowance or partial disallowance." *Id.* The standard flood policy mirrors the statute, stating: "If you do sue, you must start the suit within one year after the date of the written denial of all or part of the claim." 44 C.F.R. pt. 61, app. A(1), art. VII(O). This one-year period is strictly construed. *See Raulerson v. Am. Strategic Ins. Corp.*, No. 8:25-CV-00407-WFJ-AAS, 2025 WL 1133767, at *3 (M.D. Fla. Apr. 17, 2025).

The timeline here is fatal to Clack's claim. Hartford mailed its written denial on December 6, 2022, effectively starting the countdown. (Doc. 16-3.) Under § 4072 and the policy, Clack had exactly one year—until December 6, 2023—to sue. She missed that deadline by a wide margin, waiting until 2025 to file her complaint. (Doc. 5.)

Although Clack's complaint alleges that she "complied with all . . . conditions precedent" needed to file suit (Doc. 5 ¶ 21), that formulaic assertion cannot overcome the hard reality of the calendar. When the government foots the bill, the government sets the clock. Clack failed to watch it and now must face the consequences. *See, e.g., Mercer v. Am. Bankers Ins. Co. of Fla.*, No. 2:24-CV-882-JES-NPM, 2025 WL 1018390, at *5 (M.D. Fla. Apr. 4, 2025).

### III. Conclusion

The rules governing the National Flood Insurance Program are exacting, but they are known. A claimant must sue within one year of a denial. Clack did not, and so her claims are **DISMISSED WITH PREJUDICE**. *See, e.g.*, *D'Ambrosio v. Am. Bankers Ins. Co. of Fla.*, No. 2:25-CV-155-KCD-NPM, 2025 WL 2841172, at *2 (M.D. Fla. Oct. 7, 2025).[3] The Clerk is **DIRECTED** to enter judgment, deny all pending motions as moot, terminate any deadlines, and close the case.

**ORDERED** in Fort Myers, Florida on January 26, 2026.

Kyle C. Dudek
United States District Judge

---

[3] The complaint names "Hartford Fire Insurance Company" as the defendant. In its motion, Hartford clarifies that the policy was actually issued by "Hartford Insurance Company of the Midwest." Because the statute of limitations bars the claim regardless of which Hartford entity is on the caption, this misidentification does not affect the outcome.